**SO ORDERED.**

**SIGNED this 30 day of June, 2015.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## FAYETTEVILLE DIVISION

IN RE:                                                                                          CASE NO. 12-09022-8-DMW

**BRADLEY MORTON PHILLIPS**
**SUSANNA G. PHILLIPS**

                     **DEBTORS**                                                **CHAPTER 7**

### ORDER GRANTING MOTION TO SELL FREE AND CLEAR OF LIENS

This matter comes on to be heard upon the Motion to Sell Assets Free and Clear of Liens and Transfer Liens to Proceeds of Sale ("Motion") filed by Walter L. Hinson, Esq. ("Trustee"), the Chapter 7 trustee, on May 7, 2015, and the response filed by Sherrill S. McInnis on May 17, 2015. The court conducted a hearing in Raleigh, North Carolina on June 16, 2015. The Trustee was present, but David P. Ennis, Esq. was unable to appear for Ms. McInnis and the hearing was continued to June 22, 2015. On June 22, 2015, the court conducted a telephonic hearing in Raleigh, North Carolina. The Trustee and Mr. Ennis were present. Based upon the evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

1.     This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334.  The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2.     On December 15, 2011, Ms. McInnis obtained a judgment in New Hanover County Superior Court against the Debtors.  The judgment arose from the breach of a promissory note and the breach of a commercial lease agreement.  The judgment was in the amount of $176,129.45 for breach of the promissory note, $14,610.00 for breach of the commercial lease agreement, accumulated interest, and Ms. McInnis' attorney's fees and costs.  Ms. McInnis claims the current balance is $362,744.12.

3.     On November 5, 2012, Ms. McInnis transcribed the judgment from New Hanover County Superior Court to the Sampson County Superior Court.  The Debtors own two adjacent parcels of real property ("Property") in Sampson County.  Upon docketing of the judgment, the judgment encumbered the Property.

4.     On December 21, 2012, the Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.

5.     On April 29, 2014, the Debtors converted their Chapter 13 case to Chapter 7.  The court appointed the Trustee to fulfill the duties as provided in 11 U.S.C. § 704.

6.     On January 26, 2015, the Trustee initiated an adversary proceeding against Ms. McInnis (A.P. No. 15-00003-8-DMW) seeking to avoid the transcribed judgment lien in Sampson County as an avoidable preferential transfer pursuant to 11 U.S.C. § 547.  On March 26, 2015, Ms. McInnis filed an Answer in the pending adversary proceeding.  That Answer

contained affirmative defenses that may or may not defeat the Trustee's claim; however, that lawsuit is still pending and is not ripe for adjudication.

7.  Ms. McInnis' lien, which is the subject of the Motion, is clearly in dispute. It is the subject of a pending adversary proceeding filed by the Trustee to avoid the lien under the Trustee's strong-arm powers. The situation may be different if Ms. McInnis' lien were simply listed as "disputed" in the Debtor's schedules. That classification alone, without a formal challenge by the Trustee, may not be sufficient to elevate the dispute to the level of "bona fide." In this case the Trustee has filed a lawsuit challenging the very existence, extent and validity of the lien. Nothing could hardly be more representative of a bona fide dispute.

8.  Ms. McInnis argues that if a lien is valid in its creation, it cannot be subject to a bona fide dispute. Ms. McInnis cites *In re Daufuskie Island Props., LLC*, which characterizes the existence of a "bona fide dispute" as when "there is an objective basis for either a factual or legal dispute as to the ***validity of the asserted interest***." 431 B.R. 626, 646 (Bankr. D.S.C. 2010) (quoting *In re Taylor*, 198 B.R. 142, 162 (Bankr. D.S.C. 1996)) (emphasis added). In other words, the only time a bona fide dispute can exist is when the creation of the lien is faulty. Ms. McInnis' argument would be correct if this case were not before this court and subject to Title 11 of the United States Code. Even if a loan is patently valid in its creation, a bankruptcy trustee or a debtor-in-possession may dispute the validity of a lien.

9.  Ms. McInnis also cites *In re Marko*, 2014 Bankr. LEXIS 934 (Bankr. W.D.N.C. Mar. 11, 2014) in support of the opposition to the Motion. *Marko* cites *Daufuskie* but is distinguishable. In *Marko*, the court found there was a bona fide dispute between the parties, but denied the motion because selling the property was not prudent due to ongoing state court litigation, the total lack of equity in the property, and the relatively small sum being offered for

the property. *Id*. at *13-14. The holding in *Marko* is unrelated to the issues presented in this case.

10. If the Trustee is not successful in the avoidance of the lien, then Ms. McInnis will have her judgment lien intact and in the same priority as it was pre-petition. The real benefit to the estate and to Ms. McInnis is a liquidation of the Property. Ms. McInnis, through her counsel Mr. Ennis, agreed at the hearing that if it were not for the bankruptcy, she would pursue execution on the judgment through a sheriff's sale, leading the court to conclude that money from the judgment is what she desires.

11. It is certainly the Trustee's position that converting the Property to cash is better than trying to deal with an unliquidated asset. Further, having the asset liquidated mitigates any potential loss through a personal injury claim or through a natural disaster.

12. Ms. McInnis appears skeptical of a liquidation by the Trustee under this court's supervision. Selling property through the bankruptcy court requires a two-step process. First, the Trustee must obtain permission to sell the Property free and clear of liens (which is being done here).[1] Second, the Property will be sold only if the appropriate notice is given to creditors and parties-in-interest under the Federal Rules of Bankruptcy Procedure. The Trustee may elect a private sale, he may elect a sealed bid sale, or he may elect to sell at public auction. All of these methods will require confirmation by this court. The Trustee, who has almost 40 years' experience liquidating assets in this court, will determine and use the best method to sell the Property; now therefore,

---

[1] The North Carolina General Statutes do not allow for property under a judgment execution to be sold free and clear of liens. The ability of a bankruptcy trustee to deliver a "clear" title removes a concern of potential bidders.

It is ORDERED, ADJUDGED and DECREED that the Motion is granted, and the Trustee may sell the Property free and clear of liens, including Ms. McInnis' lien, with the liens attaching to the proceeds of the sale in their respective priorities.

END OF DOCUMENT