IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-261 BO

| | | |
|---|---|---|
| SHERRILL S. MCINNIS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| BRADLEY MORTON PHILLIPS and | ) | |
| SUSANNA G. PHILLIPS, | ) | |
| | ) | |
| Appellees. | ) | |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

This cause comes before the Court on Sherrill S. McInnis' appeal of an order of the Bankruptcy Court for the Eastern District of North Carolina entered on July 8, 2016. [DE 1-1]. For the reasons discussed below, the decision of the bankruptcy court is affirmed.

BACKGROUND

Appellees, Bradley and Susanna Phillips, are the debtors in the underlying bankruptcy action. The Phillipses are the owners of real property at 2136 Dr. Kerr Rd. in Ivanhoe, Sampson County, North Carolina; the Dr. Kerr Rd. property is their residence. On December 15, 2011, the Superior Court of New Hanover County entered judgment against the Phillipses and in favor of Sherrill McInnis and Philip McInnis in the amount of $176,129.45, plus interest accruing at the rate of 8% from April 1, 2011, plus $14,600 without interest and attorneys' fees and costs. [DE

3-1 at 84-86]. The judgment was transcribed to Sampson County in November 2012 and took position as a third priority lien on the Dr. Kerr Rd. property.[1]

The Phillipses filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in December 2012. Sherrill McInnis[2] filed a proof of claim in the Phillipses bankruptcy proceeding representing that the amount due on the judgment lien as of the date of filing of the bankruptcy petition was $248,296.55. The Phillipses moved to avoid the judgment lien, requesting that the bankruptcy court hold that the McInnis judgment lien was fully unsecured under 11 U.S.C. § 506(a)(1), which would result in a finding that the judicial lien was void under 11 U.S.C. § 506(d). The Phillipses further argued that the judgment lien should be avoided as it impaired their homestead exemption allowed under N.C. Gen. Stat. § 1C-1601(a)(1). *See* 11 U.S.C. § 522(f). McInnis objected to avoidance of the lien, and a hearing was held on March 20, 2013, Humrickhouse, J., presiding. Neither McInnis nor her counsel appeared at the hearing.

According to the order of the bankruptcy court currently under review, Judge Humrickhouse at the 2013 hearing determined that the judgment lien is wholly avoidable under either § 506(d) or § 522(f) and directed counsel for the Phillipses to submit a proposed order granting the relief requested. An order of the bankruptcy court was entered on April 18, 2013, finding that the McInnis claim is fully unsecured and that the existence of the judgment lien on the real property impairs exemptions to which the Phillipses are entitled under § 522(b) and N.C. Gen. Stat. § 1C-1601(a)(1). [DE 3-1 at 89-90]. The bankruptcy court ordered as follows:

1. The Judgment lien of Phillip [sic] K. McInnis, Jr. and Sherrill S. McInnis (the

---

[1] A first priority deed of trust on the property is held by J.P. Morgan Chase Bank, N.A. which filed a proof of claim in the amount of $153,873.30; a second priority deed of trust on the property is held by Branch Banking and Trust Company which filed a proof of claim in the amount of $6,798.08.
[2] Philip McInnis is deceased. [DE 1-1 at 3].

2

> "McInnises") against the Debtors' home in Ivanhoe, North Carolina . . . is avoided to the extent of $70,000 pursuant to Section 522(f) of the Bankruptcy Code.
> 3. The Judgment lien of the McInnises is declared to be void and shall be removed of record upon the completion of the Chapter 13 Plan of the Debtors and entry of the discharge in this case pursuant to Section 506 of the Bankruptcy Code.
> 4. In the event the Debtors fail to complete their Chapter 13 Plan and receive their discharge, the McInnises' lien shall remain unaffected as to Section 506(a) and (d) of the Bankruptcy Code by this order.

*Id.* at 90. Neither party appealed this order.

The case was voluntarily converted to a Chapter 7 proceeding in April 2014 and a trustee was appointed. After the conversion to Chapter 7, the Phillipses, "presumably acting under the assumption that the Avoidance Order was invalidated by the conversion of their case from Chapter 13 to Chapter 7," filed a second motion to avoid the judgment lien. [DE 1-1 at 6]. McInnis objected to the second avoidance motion on several grounds and a hearing was held on March 16, 2016, Warren, J., presiding; counsel for McInnis and the Phillipses were present at the hearing.

On July 8, 2016, Judge Warren entered an order granting the second avoidance motion and amending the 2013 avoidance order. Specifically, the bankruptcy court held that, as a matter of first impression, conversion of a case from Chapter 13 to Chapter 7 does not affect the validity of an order entered while the case was proceeding under Chapter 13, that the 2013 avoidance order remained a final order entitled to *res judicata* effect, and that the bankruptcy court in the exercise of its equitable authority could reconsider, modify, or vacate its prior orders so long as no intervening rights had become vested in reliance on the orders. [DE 1-1]. The bankruptcy court corrected the 2013 avoidance order to state that the debtors are entitled to $30,000 each of residential exemption under § 522(b), as opposed to $35,000 each as was stated in the 2013 order, which is totally impaired by the judgment lien; that the judgment lien against debtors'

3

home in Ivanhoe is avoided in its entirety pursuant to § 522(f); and that the judgment lien shall be canceled of record by the filing in Sampson County of the 2013 avoidance order and the 2016 order currently under review unless the § 522 avoidance is vacated by a dismissal of the bankruptcy proceeding under 11 U.S.C. § 349(b)(1)(B). *Id.*

McInnis noticed this appeal, citing in her brief the sole issue on appeal as whether a final order entered by the presiding judge over a Chapter 13 bankruptcy proceeding, which has not been timely appealed by any party with standing, may be later overruled, amended, or modified by another bankruptcy judge despite the policy behind the law-of-the-case doctrine.[3] [DE 20 at 3].

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals...from final judgments, orders, and decrees...of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007).

---

[3] Federal Rule of Bankruptcy Procedure 8006 requires an appellant to file a statement of issues to be presented on appeal. In McInnis' statement of issues she lists three issues, largely related to the single issue presented in her brief. [DE 3 at 2]. When courts are confronted with a circumstance where a briefed issue which has not been designated in an appellant's Rule 8006 statement of issues is presented on appeal, they must decide whether such issue has been waived. *See, e.g., In re Dunlap*, No. 3:16-CV-00037-RJC, 2017 WL 374915, at *2 (W.D.N.C. Jan. 25, 2017). Although her briefed issue differs somewhat from those raised in her statement of issues, at bottom McInnis challenges the authority of the bankruptcy court, whether under the principles of *res judicata*, Fed. R. Civ. P. 59 or 60, law of the case, or otherwise, to amend or modify its prior order. For the reasons discussed more fully below, this Court finds that the bankruptcy court acted well-within its authority and discretion to enter the 2016 avoidance order and that it is properly affirmed.

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Legal conclusions made by the bankruptcy court are reviewed de novo. *In re White*, 487 F.3d at 204. Mixed questions of law and fact are also reviewed de novo. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003).

## DISCUSSION

The law of the case doctrine

> posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. This rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues.

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (internal quotation marks and citation omitted). The doctrine does not affect, however, a court's ability to amend its interlocutory orders, to correct clerical mistakes, or to provide relief from final judgment. Fed. R. Civ. P. 54(b); 60(a); 60(b). Further, bankruptcy courts are courts of equity and are authorized to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the bankruptcy code. 11 U.S.C. § 105(a); *Matter of Jones*, 966 F.2d 169, 173 (5th Cir. 1992); *see also In re Mann*, 197 B.R. 634, 635 (Bankr. W.D. Tenn. 1996) (bankruptcy court has inherent equitable power to correct its own mistakes).

The bankruptcy court in this case found that the 2013 avoidance order was final and should be given *res judicata* effect. "Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1314–15 (4th Cir. 1996) (applying *res judicata* to bankruptcy proceedings). However, pursuant its authority under

5

Fed. R. Civ. P. 60(b) and 11 U.S.C. § 105(a), the bankruptcy court *sua sponte* amended the 2013 avoidance order to correct the following errors: to change the homestead exemption amount for each debtor to $30,000 from $35,000 to comply with N.C. Gen. Stat. § 1C-1601(a) and to correct the provision which found that the judgment lien would be avoided under § 522(f) only to the extent of the combined homestead exemptions, which in the 2013 order was listed at $70,000. In making such corrections, the bankruptcy court noted that the $35,000 amount designed in the 2013 order was incorrect as a matter of law and that review of the transcript of the 2013 hearing revealed that the court's intention was to avoid the entirety of the judgment lien, not to avoid it only to the extent of the homestead exemption.

Appellant's primary concern is the avoidance of the judgment lien in full under § 522(f). The bankruptcy court in 2016 undertook a full review of the hearing in 2013 and the evidence presented to conclude that the 2013 court intended that the judgment lien be avoided in full under § 522(f), that the evidence supported such a finding, and that such conclusion was legally correct.[4] Thus, after making the appropriate corrections to the 2013 avoidance order, the bankruptcy court applied its holding to the second avoidance motion and found such motion to be unnecessary as the 2013 avoidance order remained in full force and effect. As the 2013 avoidance order held, the McInnis judgment lien remained avoided in its entirety under § 522(f).

McInnis has failed to demonstrate in this appeal that the bankruptcy court's correction or amendment of its 2013 avoidance order, which all parties agree is a final order, was improper or in violation of a rule of procedure or judicial doctrine. There has been no showing that the bankruptcy court exceeded its broad discretion under § 105(a) to issue any order that is necessary to carry out the provisions of the bankruptcy code, nor that the order on appeal conflicts with any

---

[4] Specifically, because the total amount of the impairment as calculated under § 522(f)(2)(A) is greater than the value of the judgment lien, the judgment lien would be avoided in its entirety under § 522(f).

provision of the code. *See In re Pan Am Corp.*, 162 B.R. 667, 671 (S.D.N.Y. 1993). The bankruptcy court's reasons for correcting its prior order were fully articulated, *see id.*, and as it acted within its authority and the Court finds no basis upon which to disturb the bankruptcy court's decision.

## CONCLUSION

For the foregoing reasons, the order of the bankruptcy court is AFFIRMED.


SO ORDERED, this 23 day of June, 2017.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE